**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| DEBRA WATKINS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIV. ACTION NO. 3:20-cv-273 |
| | § | |
| AT&T CORP., | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, on this date, Defendant AT&T Corp. ("AT&T" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, removing this matter from the District Court of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division. In support of its Notice of Removal, AT&T states as follows:

## I.       PROCEDURAL BACKGROUND

1.      This action was commenced on September 30, 2020, by the filing of Plaintiff's Original Petition (the "Petition") in the 243rd Judicial District Court of El Paso County, Texas, and assigned Cause No. 2020DCV3162 ("State Action").

2.      In her Petition, Plaintiff Debra Watkins ("Plaintiff") alleges that AT&T's conduct during Plaintiff's employment resulted in violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA") and the American with Disabilities Act Amendments Act of 2008 (the "ADAAA").

3.      As set forth fully below, AT&T is timely removing the State Action to this Court based on federal question jurisdiction.

## II.      FEDERAL JURISDICTION IS PROPER

4.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.      This case satisfies the requirements for federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff has asserted claims under the ADA and ADAAA. Consequently, removal is proper pursuant to 28 U.S.C. § 1441.

6.      Moreover, AT&T is timely filing this Notice of Removal within thirty (30) days of service of the Petition. 28 U.S.C. § 1446(b)(1).

7.      In accordance with the terms of 28 U.S.C. § 1446(d), AT&T will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy with the Clerk for the 243rd Civil District Court Clerk, El Paso County, Texas.

8.      This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

9.       Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that have been served on Defendant is attached hereto. (*See* Exhibits 1 through 4).

10.      Removal to the U.S. District Court for the Western District of Texas, El Paso Division, is proper because this district and division includes El Paso County where the Petition is pending. *See* 28 U.S.C. § 1441(a).

11.     The following documents are also being electronically filed with this Notice of Removal:

a.     Civil Cover Sheet (*See* Exhibit 5); and

b.     Supplemental Civil Cover Sheet (*See* Exhibit 6).

12.     By filing this Notice of Removal, AT&T reserves its right to answer the Petition and/or assert any claims, defenses, or other motions as permitted by the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Defendant AT&T Corp. respectfully requests that this Court accept this Notice of Removal, that further proceedings in the State Court Action be discontinued and that this suit be removed to the United States District Court for the Western District of Texas, El Paso Division.

Dated:   November 2, 2020                    Respectfully submitted,

                                            */s/ Stacey Cho Hernandez*
                                            Courtney Barksdale Perez
                                            Texas Bar No. 24061135
                                            cperez@carterarnett.com
                                            Stacey Cho Hernandez
                                            Texas Bar No. 24063953
                                            shernandez@carterarnett.com
                                            Ruben Gandia
                                            Texas Bar No. 24093472
                                            rgandia@carterarnett.com
                                            **CARTER ARNETT PLLC**
                                            8150 N. Central Expressway
                                            Suite 500
                                            Dallas, Texas 75206
                                            Tel: 214-550-8188
                                            Fax: 214-550-8185

**ATTORNEYS FOR DEFENDANT,
AT&T CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2020, a true and correct copy of this document was

served in accordance with the Federal Rules of Civil Procedure on all counsel of record.


*/s/ Stacey Cho Hernandez*
Stacey Cho Hernandez

EXHIBIT

**1**

# REGISTER OF ACTIONS
## CASE NO. 2020DCV3162

| | | |
|---|---|---|
| **Debra Watkins vs AT&T Corp.** | §<br>§<br>§<br>§<br>§ | Case Type: **Wrongful Termination**<br>Date Filed: **09/30/2020**<br>Location: **243rd District Court** |

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **Defendant** | **AT&T Corp.** | |
| **Plaintiff** | **Watkins, Debra** | **ENRIQUE CHAVEZ, Jr.**<br>*Retained*<br>915-351-7772(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 09/30/2020 | **Original Petition (OCA)      Doc ID# 1** | | |
| 09/30/2020 | **E-File Event Original Filing** | | |
| 10/01/2020 | **Request      Doc ID# 2** | | |
| 10/06/2020 | **Citation** | | |
| | AT&T Corp. | Served | 10/14/2020 |
| | | Response Due | 11/09/2020 |
| | | Returned | 10/19/2020 |
| 11/02/2020 | **Answer      Doc ID# 3** | | |

El Paso County - 243rd District Court

EXHIBIT
2

Filed 9/30/2020 6:23 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3162

DEBRA WATKINS,

      Plaintiff,

V.

AT&T CORP.,

      Defendant.

CAUSE NO._____

### PLAINTIFF'S ORIGINAL PETITION AND
### REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

      Plaintiff DEBRA WATKINS ("Employee Watkins"), files this Original Petition complaining of AT&T CORP. ("Employer AT&T") and respectfully shows as follows:

## I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## II. PARTIES

2. Plaintiff, DEBRA WATKINS, is an individual residing in El Paso, Texas.

3. Defendant, AT&T CORP., is a foreign for-profit corporation whom may be served with process by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## III. VENUE

4. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso, Texas.

## IV. CHRONOLOGY OF FACTS

5.  Employers MUST prevent disability discrimination against employees to protect employees from financial injuries and emotional trauma.

6.  When not an undue burden, employers MUST provide reasonable accommodation to the known disabilities of employees to protect employees from financial injuries and emotional trauma.

7.  Employers MUST prevent retaliatory job terminations against employees who file EEOC Charges of Discrimination and engage in protected activity to protect employees from financial injuries and emotional trauma.

8.  AT&T CORP. is an employer.

9.  Employer AT&T is an employer which MUST prevent disability discrimination against employees to protect employees from financial injuries and emotional trauma.

10. When not an undue burden, Employer AT&T is an employer which MUST provide reasonable accommodations for the known disabilities of its employees to protect employees from financial injuries and emotional trauma.

11. Employer AT&T is an employer which MUST prevent retaliatory job terminations against employees who engage in protected conduct to protect employees from financial injuries and emotional trauma

12. On February 17, 1997, Employer AT&T hires an employee in Fairhaven, Massachusetts .

13. On or about 2006, Employer AT&T tells the employee that the Fairhaven Massachusetts location is closing and the employee will have to move to Texas if the employee wishes to continue employment with Employer AT&T.

14. On or about 2006, Employer AT&T Texas location hires the employee who has left home, family, and friends in Massachusetts to continue employment with Employer AT&T with the intention of completing the twenty years of service to retirement.

15. On or about 2015, Employer AT&T is on notice that the employee has developed Dumping Syndrome - a gastrointestinal disability that requires the employee to take medically approved restroom breaks.

16. In September 2015, Employer AT&T is on notice that the employee's performance score is at 79%.

17. In October 2015, Employer AT&T writes the employee up.

18. Employer AT&T's reasons for writing the employee up is because the employee is not taking enough calls.

19. Employer AT&T is put on notice by the employee that the reason the employee is not taking as many calls as expected is because of the employee's gastrointestinal disability which requires the employee to take medically approved restroom breaks.

20. At the same time, Employer AT&T is put on notice by the employee of the employee's request for a reasonable accommodation for the employee's gastrointestinal disability.

21. Employer AT&T refuses to provide a reasonable accommodation for the employee's disability.

22. Further, Employer AT&T penalizes employees, including this employee, on performance scores for taking medical leave time to go to medical doctor's appointments for her disability.

23. Because AT&T penalizes employees, including this employee, on performance scores for taking medical leave time to go to medical doctor's appointments for her disability, this employee foregoes her doctor's appointments and later that month, in October 2015, Employer AT&T is on notice that the employee's performance score has risen to 96%.

24. In November 2015, Employer AT&T is on notice that the employee's performance score has risen further to 100%.

25. On or about November 24, 2015, Employer AT&T places the employee on a final warning of termination.

26. On or about November 24, 2015, Employer AT&T is asked by the employee to remove the final warning of termination since the employee's performance points have risen to 100%.

27. Employer AT&T refuses to remove the final warning of termination.

28. In December 2015, Employer AT&T is on notice that the employee's performance score remains at a good 93%.

29. In February 2016, Employer AT&T is on notice that the employee is cancelling doctors appointments for her disability in an effort to maintain good performance scores by staying online and and taking more calls.

30. On March 3, 2016, Employer AT&T fires the employee for "low performance points".

31. The employee that Employer AT&T fires is Debra Watkins.

32. Employer AT&T is aware that Employee Watkins planned on taking retirement eleven months later, in February 2017.

## V. CAUSES OF ACTION:

### A. *Disability Discrimination and Retaliation*

33. Plaintiff was discriminated, retaliated against, and fired in violation of the Americans with Disabilities Act (ADA), and the Americans with Disabilities Act Amendments Act (ADAAA), which protect disabled employees from discrimination and retaliation.

### B. *Refusal to Provide a Reasonable Accommodation*

34. Defendant committed unlawful acts when it repeatedly refused to provide a reasonable accommodation to Plaintiff's disabilities, and instead penalized Plaintiff for being disabled and for being on leave due to her disability.

## VI. NOTICE OF RIGHT TO SUE

35. Attached as Exhibit A is the Notice of Right to Sue from the Equal Employment Opportunity Commission.

## VI. NOTICE OF RIGHT TO FILE A CIVIL ACTION

36. Attached as Exhibit A is the Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

## VII. DAMAGES

37. As a direct and proximate result of Defendant's retaliation and conduct against Plaintiff as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits, employment opportunities, lost income; loss of earning capacity; mental anguish; emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## VIII. JURY TRIAL DEMAND

38. Plaintiff demands a jury trial.

## IX. REQUEST FOR DISCLOSURE

39. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X. ATTORNEYS' FEES AND COSTS

40. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under the ADA, ADAAA, including any applicable expert fees.

**PRAYER**

Plaintiff prays that she recover from Defendant monetary relief over $200,000.00 but not more than $1,000,000.00, statutory damages under the ADA and the ADAAA; general damages; special damages; punitive damages as determined by the jury; reinstatement; prejudgment interest as provided by law; attorney's fees and expert fees; post-judgement interest as provided by law; court costs and all costs of suit; and such other and further relief to which Plaintiff may be justly entitled to, in law and in equity. Such damages sought by Plaintiff are within the jurisdictional limits of the court.

SIGNED on this 30th day of September, 2020.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
915/351-7772

By:

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
State Bar No.: 24001873
Attorney for Plaintiff

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | | |
|---|---|---|
| To: | Debra A. Watkins<br>c/o Enrique Chavez, Esq.<br>2101 North Stanton<br>El Paso, TX 79902 | From:    Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2016-00609 | **Nanisa Pereles,**<br>**Enforcement Supervisor** | **(312) 872-9720** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/np*                      9/16/2020

Enclosures(s)              **Julianne Bowman,**                 *(Date Mailed)*
                         **District Director**

cc:     **AT&T**
        **c/o Derek Zamagni, Lead Consultant EEO**
        **105 Auditorium Circle, 12-H-80**
        **San Antonio, TX 78205**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.



**NORMA FAVELA BARCELEAU**
**DISTRICT CLERK**
COUNTY COURTHOUSE RM 103
500 E SAN ANTONIO AVE
EL PASO TX 79901-2436



**CERTIFIED MAIL**

**EXHIBIT**
**3**

U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 79901 **$ 007.80⁰**
02 4W
0000356061 OCT. 07. 2020.

7160 1019 9040 0431 0019

**AT&T CORP.**
**C/O CT CORPORATION SYSTEM**
**1999 BRYAN ST., STE. 900**
**DALLAS, TX 75201-3136**

7520184284 0080

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **AT&T CORP.**, which may be served with process **by serving its registered agent, C T CORPORATION SYSTEM, at 1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Request for Disclosure** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **243rd Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on the 30th day of September, 2020, by Attorney at Law ENRIQUE CHAVEZ, Jr., 2101 N. STANTON ST., EL PASO, TX 79902 in this case numbered **2020DCV3162** on the docket of said court, and styled:

**DEBRA WATKINS**
**VS**
**AT&T CORP.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 6th day of October, 2020.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

By _Veronica Cables_ , Deputy
Veronica Cables

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 6th day of October, 2020 at 1:33 PM I mailed to:

**AT&T CORP., by serving its registered agent, C T CORPORATION SYSTEM, at 1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136**

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **Plaintiff's Original Petition and Request for Disclosure** attached thereto.

_Veronica Cables_
COURT CLERK- INTERMEDIATE

| *NAME OF PREPARER | | TITLE | |
|---|---|---|---|
| ADDRESS | | | |
| CITY | STATE | | ZIP |

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____


**ARTICLE NO. : 7160 1019 9040 0431 0019**

**SENT TO:   by serving its registered agent, C T CORPORATION SYSTEM, at 1999 BRYAN ST., STE. 900, DALLAS, TX  75201-3136**

**POSTAGE: $0.37**
**FEE: $2.30**
**RETURN RECEIPT FEE: $1.75**

**DATE SENT: 10/06/2020**

**SENDER'S NAME: Veronica Cables**

**THIS ENVELOPE CONTAINS: Plaintiff's Original Petition and Request for Disclosure and Citation**

El Paso County, Texas

By:_____

Deputy District Clerk

OR

_____

Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____, _____.

_____

Notary Public, State of _____
My commission expires:_____

EXHIBIT
**4**

NO.  2020-DCV-3162

| | | |
|---|---|---|
| DEBRA WATKINS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 243rd JUDICIAL DISTRICT |
| | § | |
| AT&T CORP., | § | |
| | § | |
| *Defendant.* | § | EL PASO COUNTY, TEXAS |

## <u>ORIGINAL ANSWER</u>

TO THE HONORABLE SELENA SOLIS:

Defendant AT&T Corp. ("Defendant") files its Original Answer to the Plaintiff's Original Petition filed by Debra Watkins ("Plaintiff"), and in support thereof respectfully shows as follows:

### I.    GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Defendant generally denies each and every allegation and claim Plaintiff has asserted in Plaintiff's Original Petition and any amendments or supplements thereto, and demands strict proof thereof by preponderance of the evidence.

### II.    JURY DEMAND

To the extent that Plaintiff has stated a viable cause of action, Defendant joins Plaintiff in her demand for a jury trial.

### III.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant requests that all claims against it be dismissed, that Plaintiff take nothing on her claims against Defendant, and all relief requested by Plaintiff be denied.

Dated:   <u>November 2, 2020</u>

Respectfully submitted,

<u>/s/ Stacey Cho Hernandez</u>
Courtney Barksdale Perez
Texas Bar No. 24061135
cperez@carterarnett.com
Stacey Cho Hernandez
Texas Bar No. 24063953
shernandez@carterarnett.com
Ruben Gandia
Texas Bar No. 24093472
rgandia@carterarnett.com
**CARTER ARNETT PLLC**
8150 N. Central Expressway
Suite 500
Dallas, Texas 75206
Tel: 214-550-8188
Fax: 214-550-8185

**ATTORNEYS FOR DEFENDANT,
AT&T CORP.**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 2, 2020, a true and correct copy of this document was served in accordance with the Texas Rules of Civil Procedure on all counsel of record.

<u>/s/ Stacey Cho Hernandez</u>
Stacey Cho Hernandez

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**EXHIBIT 5**

## I. (a) PLAINTIFFS

DEBRA WATKINS

**DEFENDANTS**

AT&T CORP.

**(b)** County of Residence of First Listed Plaintiff   El Paso, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Enrique Chavez, Jr., Chavez Law Firm, 2101 N. Stanton Street, El Paso, Texas 79902, (915) 351-7772

Attorneys *(If Known)*

Courtney Perez, Stacey Hernandez, Ruben Gandia; Carter Arnett PLLC, 8150 N. Central Expwy, Suite 500, Dallas, TX 75206, (214) 550-8188

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury - Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA) and the American with Disabilities Act Amendments Act of 2008 (ADAAA)

Brief description of cause:
Employment dispute over alleged violations of the ADA and ADAA by former employer.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
200,000-100,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   11/2/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.      Please identify the court from which the case is being removed; the case number; and the complete style of the case.

2.      Was jury demand made in State Court?                    Yes            No

If yes, by which party and on what date?

Party Name                                        Date

**STATE COURT INFORMATION**:

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

3.      List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.      List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

**VERIFICATION**:

Attorney for Removing Party                              Date

Party/Parties

(NOTE:  Additional comment space is available on page 3)

**ADDITIONAL COMMENTS (As necessary)**: